### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KIZWANA DANIEL**           )<br>　　　　*Plaintiff*           )<br>　vs.                                        )<br>                                              )<br>**CA SENIOR MANAGEMENT, LLC,** )<br>**d/b/a ANTHOLOGY SENIOR LIVING** )<br>*Serve Registered Agent*:           )<br>　Corporation Service Company )<br>　2900 SW Wannamaker Drive, Ste. 204 )<br>　Wichita, KS 66614                   )<br>　　　　*Defendant*          ) | Case No. 2:22-cv-02468<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Kizwana Daniel, to allege the following against Defendant.

1. Plaintiff is an African American/Black woman who was employed by Defendant.

2. Plaintiff worked for Defendant at an Anthology Senior Living center in Olathe, Kansas (hereinafter "Anthology of Olathe").

3. During her employment, Plaintiff submitted a complaint to Defendant because she reasonably believed Black and Brown minority employees at Anthology of Olathe were working in a hostile work environment based on race/color.

4. One month later, the Executive Director accused Plaintiff of having a bad attitude, being rude, asked her why she continued to work there, threatened to fire her, and said other employees complained about Plaintiff, but those employees denied making any complaints.

5. Plaintiff told Defendant she believed she was being negatively stereotyped based on her race/color and retaliated against. In response, Defendant sent Plaintiff home from work.

6. Plaintiff met with Human Resources, Executive Director, and Director of Health and Wellness. Plaintiff repeated her concerns about discrimination and her belief that the Executive Director was racist. Defendant refused to let Plaintiff explain, and sent Plaintiff home.

7. After the meeting, Defendant issued Plaintiff two write-ups. One was for an event that happened two weeks earlier. The other was based on Plaintiff's conduct during the meeting with HR, including stating her belief that the Executive Director was racist, and her original complaint wherein Plaintiff reported the hostile work environment.

8. Defendant forced Plaintiff to transfer to a new location.

9. Accordingly, Plaintiff alleges this civil action under 42 U.S.C. § 1981, and Title VII, 42 U.S.C. § 2000e *et seq*., alleging claims of race/color discrimination and retaliation.

10. Plaintiff hereby demands a trial by jury and seeks actual, compensatory, and punitive damages, costs, attorney fees, interest, and all other legal and equitable relief available.

11. Pursuant to 28 U.S.C. § 1391(b), Venue is proper in this District because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District, in that Plaintiff's employment was in Johnson County, Kansas.

12. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this case because it is a civil action arising under the law of the United States.

## PARTIES

13. **Plaintiff Kizwana Daniel** is an adult African American, Black female.

14. Plaintiff was employed by Defendant from July 2020 until October 2021.

15. From approximately July 9, 2020 until August 24, 2021, Plaintiff worked for Defendant at a senior living facility located at 101 W. 151st Street, Olathe, Kansas 66061 (hereinafter, "Anthology of Olathe").

16. After August 24, 2021 until the day her employment ended, Plaintiff worked for Defendant at a senior living facility located at 10300 Indian Creek Pkwy., Overland Park, KS 66210 (hereinafter, "Anthology of Overland Park").

17. **Defendant CA Senior Management, LLC** is a limited liability company.

18. Defendant employed individuals to work at Anthology of Olathe and Anthology of Overland Park during Plaintiff's employment.

19. Defendant was Plaintiff's employer during the time she worked at Anthology of Olathe and Anthology of Overland Park.

20. Defendant had more than 15 employees at all times during 2020 and 2021.

21. Defendant employs over 500 people

22. As defined by 42 U.S.C. § 2000e(a), Defendant is a "person" because it is an organization comprised of more than one individual.

23. As defined by 42 U.S.C. § 2000e(b), Defendant is an "employer" because it is a "person" engaged in an industry affecting commerce having fifteen or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

## ADMINISTRATIVE PROCEEDINGS

24. On September 23, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging she was unlawfully discriminated against her based on her race, color, and sex, and retaliated against her for opposing discrimination. A copy of the Charge is attached **EXHIBIT A** and is incorporated by reference.

25. When Plaintiff filed **EXHIBIT A** with the EEOC, she misidentified her employer as "Anthology, Inc." which is a corporation authorized to do business in Kansas.

26. Defendant did not make any filing with the Kansas Secretary of State until September 2022. At the time Plaintiff filed her Charge, Defendant was not registered to do business in Kansas, although it conducted business there on a regular basis.

27. Although it was misnamed in the Charge, the correct Defendant received notice of Plaintiff's Charge and provided a response to the EEOC on or about February 16, 2022.

28. In its response to the EEOC, Defendant identified itself as "Anthology Senior Living" but did not state it was incorrectly named in the Charge.

29. On August 17, 2022, the EEOC issued Plaintiff the Notice of Right to Sue, authorizing her to file a civil action based on the Charge. A copy of that Notice is attached hereto and **EXHIBIT B** and is incorporated by reference.

30. This civil action within ninety (90) days of August 17, 2022.

## PARTICULARS

31. On July 7, 2020 Defendant offered Plaintiff employment. On July 9, 2020, Plaintiff accepted the offer of employment and became employed by Defendant.

32. Defendant placed Plaintiff into a position called Medication Technician.

33. In early 2021, Plaintiff became aware that a minority employee working in the activities department was being treated differently than White employees in that department regarding the dress code.

34. During May 2021, Plaintiff became aware that a White employee said to a Hispanic employee, in the kitchen and in reference to food, "You're Mexican, you should know this." A department head witnessed the comment but did nothing to intervene or correct the statement.

35. During May 2021, Plaintiff became aware that a white employee was making comments to a minority employee that she was "what rhymes with digger," which the employee on the receiving end of the comment took to be a reference to the n-word.

36. During May 2021, Plaintiff was having a work conversation with a white employee about work. A Human Resources employee accused Plaintiff of creating a hostile work

environment and said she should not be arguing with another employee in front of residents. Plaintiff and the other employee, who is white, both denied being in an argument. Plaintiff told HR that she believed HR assumed she was arguing with another co-worker because they were of different races.

37. During May 2021, Defendant scheduled a week of theme days, and one day was designated as rap or hip-hop day. Plaintiff and other employees were offended because they believed this would encourage people to dress or behave based on stereotypes of minorities.

38. During May 2021, a male co-worker made comments to Plaintiff about her breasts and called her "triple D." Plaintiff reported this conduct to a manager.

39. During June 2021, Plaintiff became aware that a Black employee who was injured at work was required to keep working and had medical treatment delayed, although a White employee who was hurt received more favorable treatment.

40. On July 14, 2021, Plaintiff submitted an anonymous email complaint to several individuals from Defendant's Human Resources Department wherein she reported concerns regarding race/color harassment and discrimination and disparate treatment toward minority employees.

41. Plaintiff made the anonymous complaint because she wanted the allegations to be investigated and she wanted the disparate treatment and hostile work environment to stop.

42. In early August 2021, an employee was fired, and an employee who is related to the Director of Heath & Wellness told other employees that the managers believed the employee who was fired was the employee who made the anonymous complaint.

43. On or about August 17, 2021, the Executive Director of Anthology of Olathe met with Plaintiff and issued her a verbal warning. During the meeting, the Executive Director:

    a. asked Plaintiff why she was still choosing to work there.

    b. accused Plaintiff of being disrespectful and rude.

    c. told Plaintiff Tiffany and Amanda had complained about Plaintiff.

    d. threatened Plaintiff with termination.

44. The Director of Health and Wellness was present at the August 17, 2021 meeting.

45. Plaintiff was not issued a Disciplinary Action Form in the August 17, 2021 meeting.

46. Plaintiff communicated with Tiffany and Amanda, and both of them denied making any complaints about Plaintiff.

47. On August 18, 2021, Plaintiff informed Defendant that she was the employee who made the anonymous complaint. She also reported her concern that the management and human resources at Anthology of Olathe were creating a hostile work environment for minority employees.

48. On August 18, 2021, Plaintiff informed the managers of Anthology of Olathe that she believed they were unfairly accusing her of negative behavior based on negative stereotypes of Black women. She also confronted them for saying two employees made complaints against her when no such complaints were made.

49. On August 18, 2021, Plaintiff asked Defendant if she could meet with corporate representatives of the company without the local management of Anthology of Olathe.

50. On August 18, 2021, Plaintiff was sent home with pay.

51. On August 19, 2021, Plaintiff met with the managers of Anthology of Olathe and corporate Human Resources attended by phone. During the meeting, Plaintiff said she believed the Executive Director mistreated Black and Brown employees, confronted the Executive Director of

fabricating complaints from two of her co-workers, expressed her belief that the Executive Director was racist, and asked her to stop mistreating minority employees.

52. During the meeting on August 19, 2021, Defendant asked Plaintiff to provide examples, but refused to let her talk about any situation involving other employees.

53. On August 19, 2021, Defendant sent Plaintiff home without pay.

54. On August 24, 2021, Defendant issued Plaintiff two Disciplinary Action Forms.

55. On August 24, 2021, Defendant issued Plaintiff a Disciplinary Action Form for something that occurred on August 5, 2021. Defendant said it had initially decided not to issue the write-up, but changed its mind after more recent events, including her complaints.

56. On August 24, 2021, Defendant issued Plaintiff a Disciplinary Action Form based on her conduct in the August 19, 2021 meeting and based on her anonymous complaint to HR in July 2021 which included her complaints of discrimination toward minority employees.

57. Defendant forced Plaintiff to transfer to a new location.

58. After Plaintiff was transferred, her pay was reduced.

59. During October 2021, Plaintiff resigned her employment.

## COUNT I
## DISCRIMINATION
## 42 U.S.C. § 1981

60. Plaintiff incorporates the facts alleged in every other paragraph of this *Complaint*.

61. Plaintiff is African American and Black.

62. During Plaintiff's employment with Defendant, Defendant's agents engaged in a pattern of intentional discrimination against Plaintiff and others based on race and/or color.

63. Plaintiff was subjected to a hostile work environment based on unfair treatment toward minority employees. The hostility and mistreatment was offensive and severe or pervasive

enough to alter Plaintiff's working conditions and create an intimidating, hostile, and offensive working environment.

64. Defendant knew or should have known of the hostile work environment and discrimination based on race/color but failed to take appropriate remedial action.

65. The hostile work environment included a tangible employment action, which was the transfer of Plaintiff's employment to a different facility.

66. The hostile work environment and other discrimination caused Plaintiff to suffer damages.

67. Defendant's discrimination against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights, making Defendant liable for punitive damages in an amount sufficient to punish Defendants and to deter it and others from engaging in similar conduct.

WHEREFORE, Plaintiff prays for a judgment finding Defendant liable for Count I, and awarding Plaintiff actual, compensatory and punitive damages, equitable relief, costs, reasonable attorney and expert fees, and such other relief the Court deems just and proper.

## COUNT II
## RETALIATION
## 42 U.S.C. § 1981

68. Plaintiff incorporates the facts alleged in every other paragraph of this *Complaint*.

69. Plaintiff engaged in protected activity by reporting to Defendant that she believed herself and other minority employees were being subjected to a hostile work environment based on race, color, and/or ethnicity.

70. Plaintiff had a reasonable, good faith basis to believe she and other minority employees were being subjected to hostile work environment based on race, color, and/or ethnicity.

71. Plaintiff reported her concerns in good faith in that she reported her concerns so the mistreatment would stop.

72. Defendant retaliated against Plaintiff by sending her home without pay, issuing her disciplinary action forms, subjecting her to a hostile work environment, and by transferring her against her will, which resulted in a loss of pay.

73. Defendant engaged in the foregoing acts and omissions because of Plaintiff's protected activities.

74. The retaliatory acts alleged herein caused Plaintiff to suffer damages.

75. Defendant's discrimination against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights, making Defendant liable for punitive damages in an amount sufficient to punish Defendants and to deter it and others from engaging in similar conduct.

WHEREFORE, Plaintiff prays for a judgment finding Defendant liable for Count II, awarding Plaintiff actual, compensatory and punitive damages, equitable relief, costs, reasonable attorney and expert fees, and such other relief the Court deems just and proper.

## COUNT III
## DISCRIMINATION
## 42 U.S.C. § 2000e

76. Plaintiff incorporates the facts alleged in every other paragraph of this *Complaint*.

77. Plaintiff incorporates the facts alleged in every other paragraph of this *Complaint*.

78. Plaintiff is an African American and Black female.

79. During Plaintiff's employment with Defendant, Defendant's agents engaged in a pattern of intentional discrimination against Plaintiff and others based on race and/or color.

80. Plaintiff was subjected to a hostile work environment based on unfair treatment toward minority employees. The hostility and mistreatment was offensive and severe or pervasive

enough to alter Plaintiff's working conditions and create an intimidating, hostile, and offensive working environment.

81. Plaintiff was subjected to a hostile work environment by being unfairly accused of negative behaviors stereotypically associated with Black females.

82. Defendant knew or should have known of the hostile work environment and discrimination based on race, color, and/or sex, but failed to take appropriate remedial action.

83. The hostile work environment included a tangible employment action, which was the transfer of Plaintiff's employment to a different facility.

84. The hostile work environment and other discrimination caused Plaintiff to suffer damages.

85. Defendant's discrimination against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights, making Defendant liable for punitive damages in an amount sufficient to punish Defendants and to deter it and others from engaging in similar conduct.

WHEREFORE, Plaintiff prays for a judgment finding Defendant liable for Count III, and awarding Plaintiff actual, compensatory and punitive damages, equitable relief, costs, reasonable attorney and expert fees, and such other relief the Court deems just and proper.

## COUNT IV
## RETALIATION
## 42 U.S.C. § 2000e-3

86. Plaintiff incorporates the facts alleged in every other paragraph of this *Complaint*.

87. Plaintiff engaged in protected activity by reporting to Defendant that she believed herself and other minority employees were being subjected to a hostile work environment, disparate treatment, and discrimination based on race, color, ethnicity, and/or sex.

88. Plaintiff had a reasonable, good faith basis to believe she and other minority employees were being subjected to hostile work environment, disparate treatment, and discrimination based on race, color, ethnicity, and/or sex.

89. Plaintiff reported her concerns to Defendant in good faith in that she reported her concerns so the mistreatment would stop.

90. Defendant retaliated against Plaintiff by sending her home without pay, issuing her disciplinary action forms, subjecting her to a hostile work environment, and by transferring her against her will, which resulted in a loss of pay.

91. Defendant engaged in the foregoing acts and omissions because of Plaintiff's protected activities.

92. The retaliatory acts alleged herein caused Plaintiff to suffer damages.

93. Defendant's discrimination against Plaintiff was done with malice or a reckless indifference for Plaintiff's rights, making Defendant liable for punitive damages in an amount sufficient to punish Defendants and to deter it and others from engaging in similar conduct.

WHEREFORE, Plaintiff prays for a judgment finding Defendant liable for Count IV, and awarding Plaintiff actual, compensatory and punitive damages, equitable relief, costs, reasonable attorney and expert fees, and such other relief the Court deems just and proper.

## JURY TRIAL DEMAND & DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby demands a jury trial in Kansas City, Kansas for all claims made herein.

**RALSTON KINNEY, LLC**

/s/ *Kenneth D. Kinney*
Kenneth D. Kinney – D.Kan. #78544
Thomas F. Ralston – D.Kan. #78212
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Telephone: (816) 298-0086
Facsimile: (816) 298-9455
Email: ken@rklawllc.com
Email: tom@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**